IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51072
Summary Calendar
_____

ERIC ADAMS,

                                        Plaintiff-Appellee,

versus

BERNEY KESZLER, DR.; ET AL.,

                                        Defendants,

BERNEY KESZLER, DR.,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-86
---------------------
December 19, 2001
Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Eric Adams, Texas prisoner # 626162, filed this 42 U.S.C. § 1983 action against Dr. Berney Keszler, unit physician of the Connally Unit, alleging that he violated his constitutional rights under the Eighth and Fourteenth Amendments. Adams alleged that Dr. Keszler was deliberately indifferent to his serious medical needs, and that Dr. Keszler subjected him to retaliatory harassment by removal of medically indicated housing and work

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restrictions due to his good faith use of the inmate grievance procedures and for filing civil rights complaints in federal court. Dr. Keszler filed a motion for summary judgment based on qualified immunity. Dr. Keszler argued that the medical records documenting that he examined, diagnosed, and provided appropriate treatment to Adams negated a showing of deliberate indifference. He contends that Adams alleged merely a disagreement with the treatment rendered.

The district court denied Dr. Keszler's motion for summary judgment, finding that Adams' allegations did raise fact questions concerning Dr. Keszler's removal of work restrictions without first examining Adams. The district court concluded that Dr. Keszler was not entitled to summary judgment on whether a constitutional violation occurred or on his entitlement to qualified immunity. Dr. Keszler appeals the district court's order denying his motion for summary judgment.

District court orders denying summary judgment on the basis of qualified immunity are immediately appealable under the collateral order doctrine, notwithstanding their interlocutory nature, when based on a conclusion of law. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). A defendant invoking a qualified immunity defense may not appeal a district court's denial of summary judgment insofar as the order determined whether or not the record sets forth a genuine issue of fact for trial. Johnson v. Jones, 515 U.S. 304, 319-20 (1996). Orders determining "only a question of `evidence sufficiency,' *i.e.*, which facts a party

may, or may not, be able to prove at trial," are not based on an issue of law and are not immediately appealable.   Id. at 313.

The motivation for Dr. Keszler's actions is a fact question to be determined at trial.  Because the district court correctly determined that there is a material factual dispute with regard to Dr. Keszler's actions, this court does not have jurisdiction to review the denial of Dr. Keszler's motion for summary judgment.  Accordingly, the appeal is DISMISSED FOR LACK OF JURISDICTION.